UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Julie Paine,

Plaintiff,

v.

Compass America, Inc. and
Stuart Harris,

Defendants.

Civil 02-115 JMR/FLN

ORDER

---

The above referenced case was before the Court on March 11, 2002 for a settlement conference. The matter was settled. A dispute has arisen regarding the scope of releases the parties agreed to at the settlement conference. The parties have agreed to abide by the Court's resolution of this dispute. To resolve it the Court makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. At the settlement conference the court recited what it understood the essential terms of the settlement to be:

a. Plaintiff would dismiss the lawsuit in exchange for $92,500.

b. The payment would be reported to the IRS on a Form 1099, and would be described in settlement documents as settlement of disputed claims, but is not intended to compensate for wage loss. Plaintiff agrees to indemnify and hold defendant harmless, if at any time the IRS determines that the employer's share of payroll taxes should have been paid on any part of the settlement payment.

c. The lawyers for both parties would draft and file with the Court any documents necessary to accomplish the essential terms of the settlement to which the parties agreed.

MAR 29 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. Stuart Harris is named as a Defendant in the Plaintiff's complaint.

3. Stuart Harris was never served with a summons or complaint.

4. Laura McKnight does not represent Stuart Harris.

5. After the parties confirmed on the record, the essential terms of the settlement agreement, further conversation was had about a number of nonessential issues, all of which have since been resolved with the exception of one. The one unresolved issue relates to whether the Plaintiff is required by the settlement to sign a release of the unserved Defendant, Stuart Harris, from any liability for conduct described in the complaint. Lori Peterson, counsel for the Plaintiff, raised the issue of releases, saying: "Just, and I don't know if you've had time to look at some of the drafts I sent you, a mutual global release is that everybody releases everybody and their agents involved in this whole thing so it is put to bed." In response, Laura McKnight said that she did not represent Mr. Harris, did not know if Plaintiff wanted Harris to sign the agreement, and stated that neither she nor her client had any control over Mr. Harris, and said she didn't know whether he would agree to sign any settlement agreement, or what he might do. Although the content of the conversation which followed is inaudible on the tape recorded record, the Court recalls that Ms. McKnight stated that she could not release the Plaintiff from any claims that might be asserted against her by Mr. Harris. Plaintiff's counsel said she understood that, but would be willing to release Mr. Harris, as part of this global settlement.

6. Following the settlement conference, Ms. McKnight undertook to ask Mr. Harris if he would be willing to participate in the settlement agreement. Mr. Harris expressly refused to sign the agreement or to be bound by any release. Ms. McKnight advised Mr. Harris that he should retain independent counsel.

## CONCLUSIONS OF LAW

1. The dispute over the release of Mr. Harris is not essential to the settlement of the case.

2. The essential terms of the settlement are as set forth above in paragraph 1 of the Findings of Fact.

3. Although at the settlement conference Ms. Paine's lawyer acknowledged her client's understanding that Mr. Harris would be released, in light of Mr. Harris' subsequent express refusal to be bound by any settlement or release, it appears to the Court that it would be unfair to require Ms. Paine to unilaterally release Mr. Harris from any and all claims arising out of conduct which gave rise to this lawsuit. Indeed, any such unilateral release may be unenforceable as unsupported by any consideration.

4. This case, however, will be dismissed as to all Defendants. Plaintiff will completely release Defendant Compass America and its attorneys from any and all claims from the beginning of time to the date of this settlement. Defendant Compass America will release the Plaintiff and her attorney from any and all claims from the beginning of time to the date of this settlement.

5. This case insofar as it names Defendant Stuart Harris is dismissed, and will not be separately started again by Ms. Paine against Mr. Harris. However, in the event Mr. Harris ever asserts claims against Ms Paine, Ms Paine retains the right to assert any claims she may then have against Mr. Harris. The legal impact, if any, of Ms. Paine's failure to serve Mr. Harris and her dismissal of this case against him pursuant to this settlement agreement, will be left unresolved unless and until the issue is raised in any proceeding that may be initiated by Mr. Harris.

ORDER

Based upon the foregoing findings of fact and conclusions of law,

IT IS HEREBY ORDERED that:

1. Defendant Compass America and the Plaintiff shall execute settlement documents which are not inconsistent with the above Findings of Fact and Conclusions of Law, and file a stipulation of dismissal;

2. Defendant Compass America shall deliver to Plaintiff's counsel the settlement amount agreed to;

3. Plaintiff and Defendant Compass America shall execute mutual releases as described above.

DATED: March 29, 2002.

FRANKLIN L. NOEL
United States Magistrate Judge